## MACKEY REALTY COMPANY v. WILLIAM E. GAINES AND ANOTHER.[1]

December 16, 1927.

No. 26,310.

**Evidence of constructive eviction of tenant was inadmissible.**
Suit for rent. The facts admitted by defendant show that there was no ground for his claim of constructive eviction and the court did not err in refusing to receive evidence relative thereto.

Landlord and Tenant, 36 C. J. p. 439 n. 12.

[1]Reported in 216 N. W. 802.

Two actions in the municipal court of Minneapolis for the recovery of rent. There were findings for plaintiff in both cases, and defendants appealed from an order, Fosseen, J. denying their motion for a new trial. Affirmed.

*Ohman, Fryberger & Wangaard,* for appellants.

*George Beaverson* and *Bernhard Beaverson,* for respondent.

TAYLOR, C.

1. On August 26, 1925, defendant rented a dwelling house from plaintiff under a written lease for the term of one year beginning September 1, 1925, at a monthly rental of $60 payable monthly in advance. He took possession of the premises on September 1, 1925, and moved away and abandoned them on September 21, 1925. On August 31, 1925, he gave plaintiff a check of $30 to apply on the September rent but immediately thereafter directed the bank not to pay it, and the bank refused to pay it for that reason. Plaintiff brought suit on the check, and also brought a separate suit on the lease for the rent for the months of October and November. The two cases were tried together. The defense was constructive eviction based on the averment in the answer, "that said building was in such an unhealthy and unsanitary condition that the same was condemned by the health department of the city of Minneapolis, and was unhealthy and unsanitary to live in." Defendant admitted all the facts set forth in the complaints, including the execution of the lease. The lease contained this provision:

The lessee is "to have and hold the said premises just as they are, without any liability or obligation on the part of said lessor [of] making any alterations, improvements or repairs of any kind on or about said premises."

Also this provision:

The lessor "is to make the following repairs after September 1st, 1925: Ceiling in living room to be papered; furnace to be placed in first class condition; living room, dining room floors and stairway to be finished, bath room walls to be painted, fix drain pipe of ice box."

It also contained a provision that if the premises should "be destroyed, or be so injured by the elements [or] any cause, as to be untenantable and unfit for occupancy," the lease should terminate.

2. The court excluded all evidence under the answer on the ground that the facts admitted by defendant established that the answer stated no defense. By express agreement in the lease, defendant took the premises in the condition in which they then were without any obligation on the part of the lessor to make any improvements or repairs. He makes no claim that any change has taken place in the condition of the premises. The provision terminating the lease in case the premises should be destroyed or be so injured as to become untenantable applies only where that condition was brought about by something which occurred thereafter. The repairs to be made by plaintiff were to be made at some unspecified time after defendant took possession, and plaintiff was ready to make them before defendant vacated.

3. We agree with the trial court that the facts admitted by defendant both in his answer and at the trial show that there was no basis for the claim of constructive eviction, and the order denying a new trial is affirmed.